IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC SHAW                                                                                               PLAINTIFF

v.                                        Civil No. 6:19-CV-06121

CHIEF OF POLICE JASON STACHEY (Hot                                                 DEFENDANT
Springs Police Department)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on October 17, 2019. (ECF No. 1). On March 30, 2020, Defendant Stachey filed a Motion for Judgment on the Pleadings. (ECF No. 15). On April 30, 2020, the Court entered an Order directing Plaintiff to file his Response by May 21, 2020. (ECF No. 17). In the Order, Plaintiff was advised that failure to file his Response by the deadline would result in the dismissal of his case. (*Id*.).

On May 7, 2020, Defendant Stachey filed a Motion to Compel, or in the Alternative, Motion to Dismiss for Failure to Prosecute. (ECF No. 18). As grounds for his Motion, Defendant states that Plaintiff has not responded to discovery requests and failed to appear at a deposition scheduled for May 1, 2020. (*Id*. at 1-2). Further, Defendant's counsel states that Plaintiff communicated a desire to dismiss this case on April 30, 2020. (*Id*. at 2).

On May 21, 2020, the Court entered a Show Cause Order, directing Plaintiff to show cause for his failure to file a Response to the Motion for Judgment on the Pleadings, failure to participate in discovery, and failure to appear at a scheduled deposition by June 5, 2020. (ECF No. 20). Plaintiff was advised that failure to file his Response by the deadline would result in the dismissal of his case. (*Id.*). To date, Plaintiff has failed to file a Response to either Order. Plaintiff has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2)

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **22nd day of June 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE